UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   ROBERT EWBANK,                                              No. 7-05-18309 MA

      Debtor.

---

PHILIP J. MONTOYA, Trustee,

      Plaintiff,

v.                                                                                        Adversary No. 06-1076 M

CHERYL TOBEY,

      Defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER is before the Court on the Chapter 7 Trustee's Complaint to Recover Fraudulent Transfer, to Determine the Extent, Priority and Validity of Interest in Property of the Estate and to Sell Estate's Interest and Interest of Co-Owner in Real Property ("Complaint"). The Court held a trial on the merits of this adversary proceeding on December 18, 2006 and took the matter under advisement. At issue is a parcel of real property ("Property") that the Debtor transferred to the Defendant prior to the filing of the Debtor's bankruptcy petition. The Complaint contains three counts: 1) to avoid and recover the transfer of the Property as a fraudulent transfer under 11 U.S.C. § 544 and N.M.S.A. 1978 §§ 56-10-14 to 25 (Repl. Pamp. 1996); 2) to determine the validity, extent, and priority of the Defendant's interest the Property; and 3) to sell the Property in which the Defendant has an interest under 11 U.S.C. § 363(h). Alternatively, Plaintiff seeks a money judgment in an amount equal to the estate's interest in the Property.

1

After consideration of the evidence and the applicable case law, the Court finds that the Property is not recoverable as a fraudulent transfer, that Defendant has both legal and equitable interest in the Property as a joint owner, and that the Chapter 7 Trustee's interest in the Property is $7,631.00.   In reaching this determination, the Court enters the following findings of fact and conclusions of law.

FINDINGS OF FACT

1. Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on September 27, 2005.

2. In October of 1996, Debtor and his wife, Pauline Ewbank, purchased the Property located at 4609 Taylor Ridge Road, Albuquerque New Mexico, and received a warranty deed for the Property from the seller. (Defendant's Exhibit A).

3. Defendant, who is the Debtor's daughter, provided the downpayment of $1,000.00 for the purchase of the Property. (Defendant's Exhibit B).

4. In November of 1996, Debtor and Pauline Ewbank transferred the Property by quitclaim deed to themselves and Defendant as joint tenants ("1996 Quitclaim Deed"). (Trustee's Exhibit 1).

5. In February of 1999, the Debtor, Pauline Ewbank, and the Defendant transferred the Property by warranty deed dated February 4, 1999 to the Debtor and Pauline Ewbank as joint tenants.  (Defendant's Exhibit C). The purpose of this transfer was to enable the Debtor and Pauline Ewbank to refinance the Property and obtain a new note and mortgage. (Defendant's Exhibit D and E).  Only the Debtor and Pauline Ewbank are borrowers under the note.

6. Immediately after the refinance, Debtor and Pauline Ewbank transferred the Property

by warranty deed dated February 4, 1999 to themselves and Defendant as joint tenants ("1999 Warranty Deed"). (Defendant's Exhibit F).

7. The 1999 Warranty Deed was recorded in the Office of the County Clerk of Bernalillo County, New Mexico on March 17, 1999.

8. The current market value of the Property is $209,300.00.

9. The outstanding balance of the note and mortgage on the Property as of the petition date is $117,294.00.

10. The Chapter 7 Trustee testified that the estimated costs to sell the Property consist of 2% closing costs and 6% commission. The Chapter 7 Trustee's testimony is the only evidence before the Court of the costs of sale.

11. Debtor claimed a homestead exemption in the Property in the amount of $30,000.00 on Amended Schedule C pursuant to N.M.S.A. 1978 § 42-10-9 (Michie 2003). No objections to the Debtor's homestead exemption have been filed.

12. The Debtor is eighty-seven years old.

13. Defendant has lived in the Property since it was purchased in 1996. She regularly contributed approximately $360.00 per month in cash to the Defendant.

14. The tax bill for the Property from 2005 lists only the Debtor and Pauline Ewbank as owners.

15. Pauline Ewbank is now deceased.

## DISCUSSION AND CONCLUSIONS OF LAW

A. Fraudulent transfer

Plaintiff seeks to avoid the 1996 Quitclaim Deed and the 1999 Warranty Deed as a fraudulent

3

transfer under the New Mexico Uniform Fraudulent Transfer Act ("NMUFTA"), N.M.S.A. 1978 § 56-10-14 to 25 (Repl. Pamp. 1996). A bankruptcy trustee's "power to avoid a transfer under state fraudulent transfer law is derived from 'stepping into the shoes' of an actual creditor who has standing to avoid the transfer under the applicable state law." *In re Sheffield Steel Corp.,* 320 B.R. 423, 446-47 n.14 (Bankr.N.D.Okla. 2004). *See also,* 11 U.S.C. § 544(b) ("the trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law . . . "). Under the NNMUFTA, the maximum statute of limitations is four years, or, if later, within one year after the transfer could reasonably have been discovered. N.M.S.A. 1978 § 56-10-23(A) (Rep. Pamp. 1996) ("A cause of action with respect to a fraudulent transfer . . . under the Uniform Fraudulent Transfer Act [56-10-14 to 56-10-25 NMSA 1978] is extinguished unless action is brought . . . . within four years after the transfer was made . . . or, if later, within one year after the transfer . . . could reasonably have been discovered by the claimant."). Both the transfers represented by the 1996 Quitclaim Deed and the 1999 Warranty Deed occurred more than six years before the filing of the Debtor's bankruptcy petition in 2005. Upon recordation, the deeds became part of the public record, and, therefore, could reasonably have been discovered by searching the Bernalillo county real property records. *Cf. In re Jones,* 184 B.R. 377, 384-85 (Bankr.D.N.M. 1995) (noting that the purpose of requiring perfection of a transfer of an interest in real property by recordation is "to prevent a fraudulent transfer from becoming impregnable to attack by keeping it secret until the limitation period has lapsed.")(citation omitted). Thus, the four-year statute of limitations under the NMUFTA expired well before the Debtor filed his bankruptcy petition. The Plaintiff's action based on the NMUFTA fails regardless of whether reasonably equivalent value was given because the action

4

is time-barred. *See First Southwestern Fin. Services v. Pulliam,* 121 N.M. 436, 912 P.2d 828 (Ct.App. 1996) (applying four-year statute of limitations under NMUFTA to bar claim).

      B. Estate's interest in the Property.

    Plaintiff contends that the 1996 Quitclaim Deed and the 1999 Warranty Deed conveyed only legal title to Defendant, and that the Debtor retained all equitable interest in the Property, and requests the Court to conclude that Defendant held the Property in a resulting or constructive trust. The evidence before the Court belies this interpretation of the transfers. Defendant has continuously lived in the Property since it was initially purchased in 1996. She furnished the downpayment for its purchase. While she is not named in the note or the mortgage on the Property, the 1996 Quitclaim Deed and the 1999 Warranty Deed conveyed the Property to her as a joint tenant. Whether this was done for estate planning purposes, or as a gift from the Debtor and his wife Pauline Ewbank to their daughter, the fact that Defendant has continuously lived in the Property since it was initially purchased in 1996 and holds legal title to the Property is sufficient for the Court to conclude that Defendant holds both a legal and an equitable interest in the Property. *Cf. Jones,* 184 B.R. at 382 and 385 (noting that the proponent of a resulting trust "must prove the absence of an intent for the transferee to have a beneficial interest in the property" (citation omitted) and finding that the evidence did not support a finding that the debtors' transfer of real property by quitclaim deed to their children divested the debtors of their equitable interest in the property because the debtors continued to use the property in the same way following the transfer); *In re Taylor,* 133 F.3d 1336, 1341 and 1342 (10th Cir. 1998) (considering Utah law, and noting that "[w]here a transfer of property is made to one person and the purchase price is paid by another and the transferee is a . . . child or other natural object of

5

bounty of the person by whom the purchase price is paid, a resulting trust does not arise unless the latter *manifests an intention that the transferee should not have the beneficial interest in the property"* and concluding that the husband who transferred his interest in real property to his spouse "manifested no intent that his wife not have the legal and equitable title to the home.")(emphasis in original) quoting *Restatement (Second) of Trusts,* § 442 (1959). Here, there is no indication that the Debtor did not intend for Defendant to have both a legal and an equitable interest in the Property. *Cf. In re Valente,* 360 F.3d 256, 263 (1st Cir. 2004) (applying Rhode Island law and imposing resulting trust where debtor transferred legal title to his son shortly before filing bankruptcy, but with the understanding that the debtor would continue to live in the property and treat it as his own). Nor does it appear from the evidence that Defendant would be unjustly enriched by her one-half interest in the Property; the imposition of a constructive trust is, therefore, not warranted. *Taylor,* 133 F.3d at 1342 ("'A constructive trust is imposed not because of the intention of the parties but because the person holding title to property would profit by a wrong or would be unjustly enriched if [s]he were permitted to keep the property.'") quoting *Restatement (Second) of Trusts* § 326 (1959).

      Having determined that Defendant enjoys both a legal and equitable interest in the Property, the Court will next determine the extent of the estate's interest in the Property. Each joint tenant enjoys an undivided interest in an equal fraction of the whole. Black's Law Dictionary 1477 (7th ed. 1999) ("'each undivided interest [of a joint tenant] must be an equal fraction of the whole – e.g., a one-third undivided interest to each of three joint tenants.'") quoting Thomas F. Bergin & Paul G. Haskell, *Preface to Estates in Land and Future Interests* 55 (2d ed. 1984). As joint tenants, Defendant and the Debtor (whose interest in the Property is

6

part of the bankruptcy estate under 11 U.S.C. § 541) are each entitled to an undivided one-half interest in the Property. The parties agree that the current market value of the Property is $209,300.00, and that the outstanding balance of the mortgage on the Property as of the petition date is $117, 294.00. As determined above, the Court finds that the anticipated costs of sale total $16,744.00 (including realtor's commission and trustee's commission).

In determining the estate's interest in the Property, Plaintiff contends that only one homestead exemption can be claimed in the Property, such that the computation of the Trustee's interest is as follows:

|  |  |
|---|---|
| Sales price: | $209,300.00 |
| Less costs of sale: | $ 16,744.00 |
| = | $192,556.00 |
| Less outstanding Mortgage balance: | $117,294.00 |
| = | $ 75,262.00 |
| Less Debtor's Homestead exemption: | $ 30,000.00 |
| = | $ 45,262.00 |
| Trustee's ½ Interest = | $ 22,631.00 |

In urging this method of calculating the estate's interest, Plaintiff relies on *In re Lambert,* 34 B.R. 41 (Bankr.D.Colo.1983), a case which hinged upon the bankruptcy court's determination that the filing of the bankruptcy severed the joint tenancy, and that under Colorado law, only one homestead exemption may be claimed in a property. The *Lambert* court applied the homestead exemption before dividing the ownership interests because application of the homestead

7

exemption *after* dividing the interest would give the debtor who held only a one-half interest in the property the full benefit of the exemption which, under Colorado law, applies to the property as a whole. *Id.* at 43-44.

*Lambert* is easily distinguished, since New Mexico law clearly provides that "[i]f the homestead is owned jointly by two persons, each joint owner is entitled to an exemption of thirty thousand dollars." N.M.S.A. 1978 § 42-10-9 (Michie 2003). In this case, although the joint tenancy among the Debtor, Pauline Ewbank and the Defendant may have been severed upon the death of Pauline Ewbank, the New Mexico homestead exemption statute applies to "homesteads owned jointly by two persons." N.M.S.A. 1978 § 42-10-9 (Michie 2003). *See Romero v. Melendez,* 83 N.M. 776, 778, 498 P.2d 305, 307 (1972) (noting that "'[a] joint tenancy will be severed by the destruction of any one or more of its necessary units" i.e., the unity of interest, title, time and possession) quoting *Carson v. Ellis,* 186 Kan. 112, 348 P.2d 807 (1960). It therefore applies whether the Property is owned as joint tenants or as tenants in common. *See Swink v. Fingado,* 115 N.M. 275, 850 P.2d 978 (1993) (discussing the different forms of joint ownership of property, either as joint tenants or tenants in common, withing the context of community property interests of husband and wife); *Burlingham v. Burlingham,* 72 N.M. 433, 446, 384 P.2d 699, 708 (1963) (Moise, J., dissenting) ("'Joint ownership' does not necessarily mean 'joint tenancy.' Each of the mentioned estates creates a form of joint ownership.")(citation omitted). Defendant's joint-ownership interest in the Property in which she resides is a sufficient property interest in which she may claim a homestead exemption. The Court, therefore, finds that it is not appropriate to deduct the Debtor's homestead exemption from the equity in the property prior to determining the estate's interest in the Property. Rather, the one-

8

half interest in the Property should be determined prior to the application of any homestead exemption the owners in the Property may claim.

The equity in the Property after deducting the costs of sale and paying off the outstanding mortgage balance is $75,262.00. Thus, the Plaintiff's interest in the Property is $37,631.00. From this amount, the Debtor is entitled to deduct his homestead exemption of $30,000.00, leaving the Plaintiff with an interest in the Property equal to $7,631.00. Although the Complaint included a request to sell the Property under 11 U.S.C. § 362(h)[1], Plaintiff does not now urge the Court to order the sale of the Property, and, in any event, insufficient evidence was presented at trial for the Court to consider and make a determination as to all of the necessary elements under that section. The Court, will, therefore, limit its conclusion to a determination of the amount of the estate's interest in the Property and provide the Defendant with an opportunity to pay the Plaintiff a sum equal to the estate's interest in the Property. If the estate has not received such payment in sixty days, the Plaintiff can request a further hearing.

---

[1]That section provides, in relevant part:
 the trustee may sell both the estate's interest, under subsection (b) or ©) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if--
 (1) partition in kind of such property among the estate and such co-owners is impracticable;
 (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
 (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any to such co-owners; and
 (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

 11 U.S.C. § 363(h).

9

These findings of fact and conclusions of law are entered pursuant to Rule 7052,

Fed.R.Bankr.P.

 _____
 MARK B. McFEELEY
 United States Bankruptcy Judge

COPY TO:

Bonnie Gandarilla
Attorney for Plaintiff
PO Box 216
Albuquerque, NM 87103-0216

Ella J. Fenoglio
Attorney for Defendant
4427 Avenida Del Sol NE
Albuquerque, NM 87110-6178

10